(No. 13739.—Judgment affirmed.)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MALANS ESPOSITO, Plaintiff in Error.

*Opinion filed February 15, 1921.*

APPEALS AND ERRORS—*question of validity of a statute must be raised in trial court.* A judgment convicting the defendant of a misdemeanor cannot be directly reviewed by the Supreme Court on the ground that the statute under which the conviction was had is invalid, where such question was not raised for decision in the trial court.

WRIT OF ERROR to the Municipal Court of Chicago; the Hon. JOHN R. CAVERLY, Judge, presiding.

GOODNOW, MATTHEWS, LUCIUS & BUEHLER, (CHARLES N. GOODNOW, of counsel,) for plaintiff in error.

EDWARD J. BRUNDAGE, Attorney General, MACLAY HOYNE, State's Attorney, and JAMES B. SEARCY, (EDWARD E. WILSON, of counsel,) for the People.

Mr. JUSTICE FARMER delivered the opinion of the court:

Plaintiff in error was charged in an information in the municipal court of Chicago with unlawfully carrying concealed on his person a loaded revolver without having a written license therefor, in violation of section 4 of the act of 1919 entitled "An act to revise the law in relation to deadly weapons." (Laws of 1919, p. 431.) He signed a jury waiver and consent that the case be heard by the court. After a hearing he was adjudged guilty and sentenced to confinement four months in the house of cor-

rection and fined $100 and costs. This writ of error was sued out of this court to review the judgment.

The only error assigned and argued is that the act under which plaintiff in error was convicted, and especially section 4 of said act, is unconstitutional and void.

There is no bill of exceptions in the record. It does not appear from the record that any question of that kind was at any time raised in the trial court. No motion was made to quash the information and no motion was made for a new trial or in arrest of judgment. No objection or exception of any character is shown by the record. The validity of the statute not having been raised or presented for decision in the trial court it cannot be raised here for the first time on this writ of error. *People* v. *Rawson,* 278 Ill. 654.

The judgment will therefore be affirmed.

*Judgment affirmed.*